UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
SONIA COBOS, individually and on behalf of all others similarly situated,

                          Plaintiff,

    -against-

RIVERO MAINTENANCE LIMITED LIABILITY COMPANY and LUIS RIVERO, as an individual,

                         Defendants.
-------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff **SONIA COBOS**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, bring this action against **RIVERO MAINTENANCE LIMITED LIABILITY COMPANY and LUIS RIVERO, as an individual** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 57 Whittingham Place, West Orange, NJ 07052.

2. At all relevant times hereto, Plaintiff performed work for the Defendants located at 50-02 55th Street, Flushing, NY 11378, hereinafter referred to as the "Job Site".

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff SONIA COBOS residing at Jackson Heights, NY 11372 was employed by RIVERO MAINTENANCE LIMITED LIABILITY COMPANY, from in or around March 2022 until in or around October 2022.

9. Upon information and belief, Defendant RIVERO MAINTENANCE LIMITED LIABILITY COMPANY, is a New Jersey domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 57 Whittingham Place, West Orange, NJ 07052 that is authorized to do business in the state of New York.

10. Upon information and belief, Defendant LUIS RIVERO is the owner of RIVERO MAINTENANCE LIMITED LIABILITY COMPANY.

11. Upon information and belief, Defendant LUIS RIVERO is an agent of RIVERO MAINTENANCE LIMITED LIABILITY COMPANY.

12. Upon information and belief, Defendant LUIS RIVERO is responsible for overseeing the daily operations of RIVERO MAINTENANCE LIMITED LIABILITY COMPANY.

13. Upon information and belief, LUIS RIVERO has power and authority over all the final personnel decisions of RIVERO MAINTENANCE LIMITED LIABILITY COMPANY.

14. Upon information and belief, LUIS RIVERO has the power and authority over all final payroll decisions of RIVERO MAINTENANCE LIMITED LIABILITY COMPANY, including the Plaintiff.

15. Upon information and belief, LUIS RIVERO has the exclusive final power to hire the employees of RIVERO MAINTENANCE LIMITED LIABILITY COMPANY, including the Plaintiff.

16. Upon information and belief, LUIS RIVERO has exclusive final power over the firing and terminating of the employees of RIVERO MAINTENANCE LIMITED LIABILITY COMPANY, including Plaintiff.

17. Upon information and belief, LUIS RIVERO is responsible for determining, establishing, and paying the wages of all employees of RIVERO MAINTENANCE LIMITED LIABILITY COMPANY, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

18. Accordingly, at all relevant times hereto, Defendant LUIS RIVERO was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

19. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that RIVERO MAINTENANCE LIMITED LIABILITY COMPANY, (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

**FACTUAL ALLEGATIONS**

20. Plaintiff SONIA COBOS was employed by RIVERO MAINTENANCE LIMITED LIABILITY COMPANY, as an office and bathroom cleaner at the Job Site while performing related miscellaneous duties for the Defendants, from in or around March 2022 until in or around October 2022.

21. Plaintiff SONIA COBOS regularly worked approximately five (5) days per week during her employment with the Defendants.
22. Plaintiff regularly worked a schedule of shifts beginning at approximately 5:00 a.m. each workday and regularly ending at approximately 2:00 p.m. or later, five (5) days per week.
23. However, two weeks per month, Plaintiff would be required to work shifts beginning at approximately 5:00 a.m. each workday and regularly ending at approximately 5:00 p.m., five (5) days per week.
24. Thus, Plaintiff was regularly required to work approximately forty-five (45) hours per week two weeks per month and approximately sixty (60) hours per week two weeks per month from in or around March 2022 until in or around October 2022.
25. Plaintiff SONIA COBOS was paid by Defendants a flat hourly rate of approximately $18.50 per hour for her first 40 hours of work, from in or around March 2022 until in or around October 2022.
26. Defendants did not pay Plaintiff for any of her overtime hours worked or any hours beyond her first forty hours of work.
27. Although Plaintiff regularly worked approximately forty-five (45) to sixty (60) hours or more hours each week from in or around March 2022 until in or around October 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.
28. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
29. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
30. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of her applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).
31. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

4

32. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

34. Collective Class: All persons who are or have been employed by the Defendants as cleaners or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

35. Upon information and belief, Defendants employed approximately 40 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

36. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

37. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

38. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

39. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

40. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated

employees are known to Defendants and are readily identifiable through Defendants' records.

41. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

42. The claims of Plaintiff are typical of the claims of the whole putative class.

43. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

44. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

47. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

48. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

49. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

50. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

51. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated

damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

52. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
53. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.
54. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.
55. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

56. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
57. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).
58. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
60. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
61. Defendants are liable to Plaintiff in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
d. Awarding Plaintiffs prejudgment and post-judgment interest;
e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:  December  13, 2022
Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SONIA COBOS, individually and on behalf of all others similarly situated,

                                            Plaintiff,

      -against-

RIVERO MAINTENANCE LIMITED LIABILITY COMPANY and LUIS RIVERO, as an individual,

                                             Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**Service via Secretary of State:**
**RIVERO MAINTENANCE LIMITED LIABILITY COMPANY**
**(New Jersey Portal ID#0400388060)**
57 Whittingham Place, West Orange, NJ 07052

**Via Personal Service:**
**RIVERO MAINTENANCE LIMITED LIABILITY COMPANY**
57 Whittingham Place, West Orange, NJ 07052

**LUIS RIVERO**
57 Whittingham Place, West Orange, NJ 07052